UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| REBECCA C. WILES, Individually, and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| PALM SPRINGS GRILL, LLC D/B/A WILD WEST GENTLEMEN' CLUB; ROBERT CICERONI, individually, and CARRAN SCHNEIDER, individually | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S CLASS/COLLECTION ACTION COMPLAINT

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar.25, 2014).

1. This case implicates an adult entertainment club which goes by the trade name of "Wild West Gentlemen's Club". The entities and employers implicated are Palm Springs Grill, LLC and its managing members, Robert Ciceroni and Carran Schneider ("Defendants").

1

2. Defendants have a longstanding policy of misclassifying their employees as independent contractors.

3. Defendants required and/or permitted Plaintiff, Rebecca Wiles ("Plaintiff"), and other employees to work as exotic "entertainers" and/or dancers at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rate.

4. In fact, Defendants failed to pay Plaintiff any wages whatsoever, throughout her employment.

5. Throughout her employment with Defendants, Plaintiff's only compensation was in the form of tips from club patrons.

6. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one-and-one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m) violates the FLSA's minimum wage provision, as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

8. Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendants who worked at Wild West Gentlemen's Club at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493, U.S. 165 (1989) and its progeny.

2

9. Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "entertainer" employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for hours and weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## SUBJECT MATTER JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

12. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiff's claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

13. Venue is proper in Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal place of business is located in this District.

14. Defendants' principal place of business is located at 3174 Lake Worth Road, Palm Springs, Florida 33461.

15. Plaintiff worked at Defendants' club, located at 3174 Lake Worth Road, Palm Springs, Florida 33461 over extended periods of time, and it is Defendants' failure to pay Plaintiff for this work that gives rise to the instant claims.

## PARTIES AND PERSONAL JURISDICTION

16. Plaintiff Rebecca Wiles is an individual residing in Palm Beach County, Florida. Plaintiff's written consent to this action is attached hereto as Exhibit "A".

17. The Class Members are all of Defendants' current and former exotic entertainers who worked at Wild West Gentlemen's Club located in Florida at any time during the three years prior to the filing of this Complaint up to the present.

18. Defendant Palm Springs Grill, LLC is a domestic limited liability company doing business in Florida for the purpose of accumulating monetary profit and may be served through its Registered Agent, Robert Ciceroni, 1751 West 10th Street, Riviera Beach, Florida 33404.

19. Defendant, Robert Ciceroni is an individual residing in Florida and may be served with process at 1751 West 10th Street, Riviera Beach, Florida 33404.

20. Defendant, Carran Schneider is an individual residing in Florida and may be served with process at 1751 West 10th Street, Riviera Beach, Florida 33404.

## FLSA COVERAGE

21. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S. Ct. 62 (U.S. 2013).

22. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic realities of all the circumstances surrounding the activity.'" *Id.* "We refer to this test at the 'economic reality' test." *Id.* "The touchstone of

the economic realities test is the alleged employee's economic dependence on the employer." *Id.*

23. Here, Defendants had the power to hire and fire Plaintiff. Defendants held an audition for the entertainers looking to be hired at the club, determined the Plaintiff's work schedule, required Plaintiff and other entertainers to work a certain number of days during the week, provided training, if needed, and required Plaintiff and other dancers to wear certain clothing.

24. Defendants also determined the rate and the method of payment of all entertainers, including Plaintiff. Defendants set the price for their customers to pay dancers for "lap dances".

25. Additionally, Defendants required Plaintiff and all other entertainers to pay "house fees" depending on the day and shift the dancer was working. Plaintiff and all other entertainers had to tip out certain employees at the end of their shift, including but not limited to the DJ, hairdressers, wait staff, and security, and otherwise paid "administrative" expenses charged by the club.

26. Entertainers are an integral part of Defendants' clubs.

27. Plaintiff's and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club. These job duties require little to no skill. *See, Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782, 783 (11th Cir. 2006).

28. On information and belief, Defendants failed to maintain records regarding the time Plaintiff and other entertainers arrived and left the club.

29. At all times material, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

30. The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of any employer in relation to any employee." *Id.*

31. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employers and is responsible in whole or in part for the alleged violation. *Id.*

32. Defendant, Robert Ciceroni is one of the managing members of Palm Beach Grill, LLC and is involved in the day-to-day business operation of the club, has responsibility for the supervision of the entertainers, controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members, and is responsible for the compensation or lack thereof paid to entertainers at Wild West Gentlemen's Club.

33. Defendant, Carran Schneider is one of the managing members of Palm Beach Grill, LLC and is involved in the day-to-day business operation of the club, has responsibility for the supervision of the entertainers, controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members, and is responsible for the compensation or lack thereof paid to entertainers at Wild West Gentlemen's Club.

34. As such, both Robert Ciceroni and Carran Schneider are employers of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA and are jointly and severally liable, along with Palm Springs Grill, LLC, for all damages.

**ENTERPRISE AND INDIVIDUAL COVERAGE**

35. "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a)(1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007). To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce in the production of goods for commerce, or [] ha[ve] employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross value of sales made or business done is not less than $500,000.'" *Id.* The phrase 'engaged in commerce' is interpreted broadly and liberally." *Id.*

36. At all times material, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

37. Specifically, Defendants' employees have sold goods that have been moved or produced in interstate commerce, including food and/or alcoholic beverages to its patrons. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

38. Defendants advertise on the internet, process credit cards from out of state patrons, communicate via electronic mail, and mail and telephone with their clubs outside the State of Florida, and sell their merchandise across state lines.

39. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

40. At all times material, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## WAGE VIOLATIONS

41. Defendants misclassify Plaintiff and all other entertainers as independent contractors.

42. Defendants failed to pay Plaintiff and all other entertainers they hire any compensation whatsoever.

43. The money Plaintiff received directly from Defendants' customers are tips.

44. Defendants siphoned Plaintiff's and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

## BACKGROUND

45. Plaintiff and Class Members have all been victimized by Defendants' policy and plan to violate their rights under the FLSA by denying them minimum wage, proper overtime, and the tips they lawfully earned.

46. Defendants employ exotic dancers at Wild West Gentlemen's Club, and Plaintiff, Rebecca Wiles, is a former exotic entertainer at Wild West Gentlemen's Club.

47. Plaintiff worked on a regular basis for Defendants' club from approximately May of 2013 to October of 2015 and has first-hand knowledge of the pay violations at Wild West Gentlemen's Club.

48. The entertainers, including Plaintiff, are compensated exclusively through tips from Defendants' customers.

49. Defendants did not pay the entertainers compensation for any of the hours worked at Wild West Gentlemen's Club and required the entertainers to share their tips with employees who do not customarily and regularly receive tips, including but not limited to disc jockeys.

50. Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendants as that term is defined by the FLSA.

51. Defendants hired, fired and supervised the entertainers. Defendants also set the schedule for entertainers, controlled the detail of the entertainer's jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

52. Defendants also controlled the entertainers' appearances with respect to their attire, disciplined the entertainers for not following the club's rules, and instructed the entertainers about when, where and how the entertainers were to perform their work.

53. Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per work week, they are not compensated the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. See 29 U.S.C. § 206.

54. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the intent to avoid paying her in accordance with the FLSA.

55. Robert Ciceroni and Carran Schneider created and implemented a companywide policy of misclassifying exotic entertainers as independent contractors at Wild West Gentlemen's Club.

## COUNT I

56. Plaintiff incorporates all allegations set forth above.

57. Defendants' practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per work week violates the FLSA. 29 U.S.C. § 207.

58. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

## COUNT II

59. Plaintiff incorporates all allegations set forth above.

60. Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

61. Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA.

62. Defendants have failed to comply with federal law and have failed to maintain such records with respect to Plaintiff and Class Members. Because Defendants' records are inaccurate and/or incomplete, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount of the work

"as a matter of just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## COUNT III: ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

63. Plaintiff, and those similarly situated employees, are/were entitled to be paid at least the Florida Minimum Wage for each hour/week worked during her employment with Defendants, as required by Article X, Section 24 of the Florida Constitution.

64. Defendants willfully failed to pay Plaintiff, and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment, contrary to Article X, Section 24 of the Florida Constitution.

65. Specifically, on October 22, 2015, Plaintiff served Defendants with a Notice pursuant to Florida Statute § 448.110, on behalf of herself and those similarly situated to Plaintiff. A copy of Plaintiff's Notice is attached hereto as Exhibit "B".

66. More than fifteen (15) days have passed since Plaintiff's service of her Notice, and Defendants have failed to make payment.

67. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

68. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount of liquidated damages.

69. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## COLLECTIVE ACTION ALLEGATIONS

70. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a patter practice and/or policy of violating the FLSA on a class wide basis.

71. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked in excess of forty (40). Defendants have also denied them full compensation at the federally mandated minimum wage.

72. Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

73. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek and have been misclassified as independent contractors.

74. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA, and are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

75. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

76. The experiences of Plaintiff, with respect to her job duties, are typical of the experiences of Plaintiff.

77. The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of Class Members.

78. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

79. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) hours during a work week and for hours worked at the federally mandated minimum wage.

80. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

81. The Plaintiff and the Class Members all held the same job title: Dancer and/or Entertainer.

82. The Defendants have classified all of its entertainers as independent contractors from at least October 1, 2011 to the present.

83. Robert Ciceroni and Carran Schneider instituted, permitted and/or required the policy and practice of charging all exotic entertainers at Wild West Gentlemen's Club a house fee, "administrative" and "license" fees, and to tip out staff, including the DJ.

84. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **Defendants' current and former exotic entertainers who worked at     Wild West Gentlemen's Club at any time during the three (3) years   this Complaint was filed to up to the present.**

## CLASS ACTION ALLEGATIONS

85. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

13

86. Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since October 2010, to the entry of judgment in this case ("Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

87. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 300 and 1,000 members of the Class during the Class Period.

88. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

89. Application of this policy or practice does and did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy of practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all Class Members. Accordingly, the Class Members are defined as:

> **ALL OF DEFENDANTS' CURRENT AND FORMER EXOTIC ENTERTAINERS WHO WORKED AT WILD WEST GENTLEMEN'S CLUB AT ANY TIME DURING THE FIVE (5) YEARS BEFORE THIS COMPLAINT WAS FILED UP TO THE PRESENT.**

90. Plaintiff is committed to pursuing this action and has retained competent counsel.

91. Plaintiff has the same interests in this matter as all other members of the class, and Plaintiff's claims are typical of the Class.

92. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including, but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Constitution;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendants misclassified their exotic entertainer employees as independent contractors;

    e. whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one or more workweeks;

    f. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs disbursements and attorneys' fees; and

    g. whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

93. Defendants have acted or refused to act on the grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

94.     Specifically, Defendants illegally and wrongfully misclassified all of their exotic entertainer employees as independent contractors, and failed to pay them minimum wage as required by Article X, Section 24 of the Florida Constitution.

## DAMAGES

95.     Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate and unpaid overtime compensation.

96.     Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken. Without repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

97.     Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages in accordance with 29 U.S.C. § 216(b).

98.     Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA.

## JURY DEMAND

99.     Plaintiff and Class Members demand a trial by jury.

## PRAYER FOR RELIEF

100.    For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following:

   a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Class Members;

c. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are violations of the maximum hour and minimum wage provisions of the FLSA;

d. Overtime compensation for all hours worked over forty (40) in a workweek at the applicable time-and-a-half rate;

e. All unpaid wages at the FLSA mandated minimum wage rate;

f. All unpaid wages at the Florida minimum wage rate;

g. All misappropriated tips;

h. All misappropriated funds that were mislabeled as fees or otherwise;

i. An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

j. Reasonable attorneys' fees, costs and expenses of this Action as provided by the FLSA; and

k. Such other and further relief to which Plaintiff and Class Members may be entitled to, in law or in equity.

Respectfully submitted,

/s/ Adam B. Kenner
Adam B. Kenner, Esquire
The Employment Law Group
175 SW 7th Street, Suite 2410
Miami, Florida 33130
Tel: (305) 384.7370
Fax: (305) 384.7371
Email: adam@kennercummings.com
Fla. Bar No.: 66216