UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-CV-81597-KAM

REBECCA C. WILES, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

PALM SPRINGS GRILL, LLC d/b/a
WILD WEST GENTLEMEN'S CLUB, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Arbitration and Dismiss Judicial Proceedings (DE 16). For the following reasons, the motion is granted to the extent it seeks an order compelling arbitration, but the Court will stay rather than dismiss this case.

**I. Background**

From May 2013 to October 2015, Plaintiff worked as an exotic dancer or "entertainer" at Defendants' adult entertainment club, called the "Wild West Gentlemen's Club." She brings this suit on behalf of herself and others similarly situated for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and state law. Though not specifically stated in the complaint, it appears that Defendant Palm Springs Grill, LLC d/b/a Wild West Gentlemen's Club ("Wild West") owns the club. Defendants Carran Schneider and Robert Ciceroni are alleged to be managing members of Wild West who are involved with the day-to-day operation of the club, including the compensation of entertainers. According to Plaintiff, Defendants employed her and other entertainers

1

while misclassifying them as independent contractors and failing to compensate them in accordance with federal and state law.

In response to Plaintiff's complaint, Defendants moved to compel arbitration and dismiss these proceedings. Defendants' motion is based on an Entertainer License Agreement between Wild West and Plaintiff, which contains an arbitration clause stating (in bold and underlined print): "The parties agree that any controversy, dispute or claim arising out of the Agreement or otherwise out of Entertainer performing at the Premises shall be exclusively decided by binding arbitration . . . ." (DE 16-1 at 5.) The arbitration clause incorporates the commercial arbitration rules of the American Arbitration Association.

### III. Discussion

**A. Existence and Validity of Agreement to Arbitrate**

The Federal Arbitration Act (FAA) provides that written arbitration clauses in contracts evidencing a transaction involving commerce[1] "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act entitles litigants in federal court to a stay of any action that is "referable to arbitration under an agreement in writing for such arbitration" and to "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* §§ 3, 4.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). This encompasses two separate inquiries: (1) whether an agreement

---

[1] Plaintiff does not dispute that the arbitration clause is part of a contract evidencing a transaction involving commerce.

between the parties to arbitrate exists and (2) whether that agreement is valid, i.e., whether "grounds [that] exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, are applicable to the parties' agreement to arbitrate. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 n.2 (2010) ("The issue of the agreement's 'validity' is different from the issue whether any agreement between the parties 'was ever concluded' . . . ."); *id.* at 70–71 (explaining that challenges to the validity of the arbitration agreement, as opposed to challenges to the validity of the "contract as a whole," are generally for the court to decide); *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854–55 (11th Cir. 1992) (holding that court should decide threshold issue of whether an agreement exists), *abrogated in part on other grounds*, *Bazemore v. Jefferson Capital Sys., LLC*, No. 15-12607, 2016 WL 3608961, at *3–4 (11th Cir. Jul. 5, 2016).

**1. Existence**

"The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract,'" and is governed by state contract law. *Bazemore*, 2016 WL 3608961, at *2 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). To demonstrate that there is a written agreement to arbitrate between the parties, Defendants attached to their motion the written Entertainer License Agreement between Wild West and Plaintiff, which contains an arbitration clause. (DE 16-1 at 5.) Though not raised by Plaintiff, the Court notes the agreement is signed only by Plaintiff and not by Wild West.

Whether a contract was formed despite the absence of Wild West's signature is governed by state law. *See Bazemore*, 2016 WL 3608961, at *3–4; *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 n.10, 1373 (11th Cir. 2005). Under Florida law (which the parties appear to agree applies), the absence of Wild West's signature is not necessarily an impediment to the formation of

3

a contract. *See Integrated Health Servs. of Green Briar, Inc. v. Lopez-Silvero*, 827 So. 2d 338, 339 (Fla. Dist. Ct. App. 2002) (per curiam) ("A contract is binding, despite the fact that one party did not sign the contract, where both parties have performed under the contract."). While a signature is one way of demonstrating assent, the acts or conduct of the parties may also demonstrate assent. *Id.* Based on the allegations in the complaint, the parties "acted as if the provisions of the contract were in force" and the lack of Wild West's signature does not negate the existence of an agreement. *Sosa v. Shearform Mfg.*, 784 So. 2d 609, 610 (Fla. Dist. Ct. App. 2001). The failure of Wild West to sign the agreement is also not an obstacle to the FAA's applicability. The FAA requires that the agreement to arbitrate be in writing, not that it be signed. *Caley*, 428 F.3d at 1368.

**2. Validity**

Having found that an agreement to arbitrate exists, the Court next addresses Plaintiff's validity challenges. Challenges to the validity of an arbitration agreement are generally for judicial determination while challenges to the validity of the contract as a whole are for the arbitrator to decide in the first instance. *Rent-A-Ctr.*, 561 U.S. at 70–71. Although Plaintiff labels her validity arguments as challenges to the arbitration agreement itself, a closer inspection reveals that at least some of these challenges are actually challenges to the contract as a whole. For example, Plaintiff's unconscionability argument is based on a provision conditioning her compensation on the parties' relationship being characterized as licensor and licensee rather than employer and employee. (DE 29 at 7.) This is not a challenge to the "precise agreement to arbitrate," *Rent-A-Ctr.*, 561 U.S. at 71, but rather this is a challenge "to the contract as a whole." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444  (2006) (explaining that challenges to the contract as a whole are those based "either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently

4

induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid").

In this case, it is unnecessary for the Court to parse which of Plaintiff's validity arguments address the arbitration clause itself and which address the contract as a whole. An exception to the default rule that courts determine challenges to the validity of the arbitration agreement itself exists where "there is 'clea[r] and unmistakabl[e]' evidence" that the parties agreed to also arbitrate arbitrability. *First Options*, 514 U.S. at 944 (alterations in original) (citation omitted). In that case, even challenges to the validity of the arbitration clause itself are decided by the arbitrator rather than the court. *Id.*; *see also Rent-A-Ctr.*, 561 U.S. at 69–70 & n.1.

This exception applies here. The parties' arbitration agreement incorporates the commercial arbitration rules of the American Arbitration Association. Because these rules provide that an arbitrator shall have the power to determine the scope and validity of the arbitration agreement, the Eleventh Circuit has held that the incorporation of these rules into an arbitration agreement amounts to a clear and unmistakable intent by the parties to have an arbitrator, not a court, determine the validity and scope of the arbitration agreement. *See Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332–33 (11th Cir. 2005). Accordingly, under the facts of this case, questions of validity and scope as to both the contract as a whole *and* as to the arbitration agreement are for the arbitrator to decide.[2]

**B. Arbitrability of FLSA Claims**

While the Court may not address Plaintiff's challenges to the validity of the agreement to

---

[2] Plaintiff makes no independent validity challenge to the specific agreement to delegate the question of arbitrability to the arbitrator, so the Court must treat it as valid. *See Rent-A-Ctr.*, 561 U.S. at 72.

arbitrate, it must address the separate question Plaintiff raises of whether her claims are based on a statute for which "Congress intended the substantive protection afforded by [the] given statute to include protection against waiver of the right to a judicial forum." *Mitsubishi Motors*, 473 U.S. 614. Plaintiff argues that FLSA claims are not subject to arbitration and that the arbitration clause is an unenforceable waiver of her right to assert an FLSA claim. First, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Id.* at 628. Second, the Eleventh Circuit has approved the arbitrability of FLSA claims. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir. 2014). The Court thus rejects Plaintiff's argument that FLSA claims are not subject to arbitration and will refer this matter to arbitration.

### C. Arbitrability of Claims Against Nonparties to Arbitration Agreement

Though not raised by Plaintiff, and addressed only briefly by Defendants in a footnote, the Court notes that the arbitration agreement is solely between Plaintiff and Wild West. Defendants Ciceroni and Schneider are not parties to the arbitration agreement. This does not affect the Court's obligation to refer the dispute between Wild West and Plaintiff to arbitration. "Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (U.S. 1983). In such a scenario, the Court has discretion to proceed with the litigation between the non-arbitrating parties or to stay the litigation pending the outcome of the arbitration. *See id.* at 20 n.23.

Defendants argue that in this case even the claims against Ciceroni and Schneider should be referred to arbitration despite the fact that they are not parties to the arbitration agreement. Whether

a nonparty to an arbitration agreement may enforce the agreement depends on the applicable state law regarding the enforceability of contracts. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009); *Escobal v. Celebration Cruise Operator, Inc.*, 482 F. App'x 475, 476 (11th Cir. 2012) (per curiam). The contract provides that it is governed by Florida's substantive law. (DE 16-1 at 5.) Florida law recognizes the doctrine of equitable estoppel, under which a nonparty to a contract containing an arbitration clause may compel arbitration where a party to the contract raises allegations of substantially interdependent and concerted misconduct by the nonparty and another party to the contract. *See Marcus v. Florida Bagels, LLC*, 112 So. 3d 631, 633–34 (Fla. Dist. Ct. App. 2013); *Kolsky v. Jackson Square, LLC*, 28 So. 3d 965, 969 (Fla. Dist. Ct. App. 2010).[3] The Court agrees with Defendants that equitable estoppel is applicable under the facts of this case, and Plaintiff makes no argument to the contrary. The Court will thus refer this entire dispute to arbitration rather than only the dispute between Plaintiff and Wild West.

### D. Stay vs. Dismissal

Finally, there is the issue of how to proceed in this case following the referral of this matter to arbitration. Defendants urge the Court to dismiss this case. The Supreme Court has recognized, but has expressly not decided, the question of whether a federal court must stay or dismiss a case following a referral to arbitration under the FAA. *See Green Tree Fin. Corp.-Ala.v. Randolph*, 531 U.S. 79, 87 n.2 (2000). Circuits are split on whether a stay is required instead of dismissal. *Compare*

---

[3] These courts phrase the rule in terms of signatories and non-signatories to the contract rather than parties and nonparties, but in this context the term signatory is equated with a party to the contract. *See Marcus*, 112 So. 3d at 633 ("This is a case where a non-party to an arbitration agreement, also known as a non-signatory, seeks to compel a party to an agreement to arbitrate."). Thus, as a party to the contract, Wild West is a "signatory" to the contract for purposes of equitable estoppel regardless of the fact that it did not actually sign the agreement.

*Lloyd v. Hovensa, LLC*, 369 F.3d 263, 270 (3d Cir. 2004), *with Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Eleventh Circuit has held that a stay is required where a suit is brought that raises an arbitrable issue and section 3 of the FAA applies, and that a final order or judgment is required where the complaint itself is a meritorious petition for arbitration. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1268–70 (11th Cir. 2015); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam).

Indeed, section 3 of the FAA provides that where, as here, a suit over a substantive arbitrable issue is pending (as opposed to where a suit is filed specifically to compel arbitration), a federal court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). The *Wise Alloys* court appeared to suggest that a stay is required in the section 3 context only if requested because section 3 states that the court "shall *on application of one of the parties* stay the trial." 807 F.3d at 1268 (emphasis added) (quoting 9 U.S.C. § 3). But the *Bender* court, which is the earlier decision, simply stated: "Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." 971 F.2d at 699. And even if not requested, it appears that a stay is the only mechanism the FAA provides for preventing parallel proceedings in arbitration and federal court. There is no provision for dismissal.[4]

---

[4] In the context of a complaint that itself is a petition to compel arbitration, the FAA does not provide for a dismissal or a stay, and neither should be entered. Instead, because an order compelling arbitration "resolves the entirety of the plaintiff's complaint" in that context, a final order or judgment is required. *Wise Alloys*, 807 F.3d at 1268.

8

Nevertheless, the Court need not resolve whether a stay is required even when, as here, a dismissal is requested because the Court would enter a stay in this case even if it has discretion to choose between a stay or dismissal. Based on the terms of the parties' arbitration agreement, the Court has not addressed its validity or scope. The arbitrator may, however, determine that the arbitration agreement is invalid or that the scope of the arbitration agreement does not completely cover the claims at issue. Thus, this case is not over and it would be premature to dismiss the claims at issue. It would be especially unfair to dismiss the claims with prejudice.[5] But even a dismissal without prejudice would lead to the inefficiency of requiring Plaintiff to file a new case rather than move to lift a stay to proceed with claims found not subject to arbitration. A dismissal without prejudice as to claims later found not subject to arbitration might also lead to unnecessary litigation regarding statute of limitations issues.

Moreover, entering a stay, rather than a dismissal, furthers the FAA's goal of "efficient and speedy dispute resolution." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011) (citation omitted). Section 16 of the FAA provides that an appeal may be taken from "a final decision with respect to an arbitration that is subject to this title" but may not be taken from an interlocutory order "granting a stay of any action under section 3 of this title." 9 U.S.C. § 16(3), (b)(1). If the Court dismisses this action, it will be considered a "final decision" and Plaintiff will be able to immediately appeal; but if the Court enters a stay, the parties must immediately proceed to arbitration without the delay inherent in an appeal. *See Randolph*, 531 U.S. at 87 n.2; *Lloyd*, 369 F.3d at 270–71. Thus, entering a stay rather than a dismissal has the virtue of furthering two goals of the

---

[5] Courts on the side of the circuit split allowing dismissals have upheld dismissals with prejudice. *See, e.g.*, *Alford*, 975 F.2d at 1164.

FAA—"enforcement of private agreements and encouragement of efficient and speedy dispute resolution"—rather than only the one goal of enforcing agreements. *Concepcion*, 563 U.S. at 345 (citation omitted). The Court will thus stay this case pending the arbitration rather than dismiss it.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Compel Arbitration and Dismiss Judicial Proceedings (DE 16) is **GRANTED IN PART**. The parties are ordered to submit this matter to arbitration. This case is **STAYED** pending the arbitration and the parties are ordered to advise the Court once the arbitration is terminated or the claims at issue are otherwise resolved. The Clerk shall **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of August, 2016.

_____
KENNETH A. MARRA
United States District Judge